# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

RICHARD T. WALSH,              )
                                   )
             Plaintiffs,    )
                                   )
v.                                 )      No. 09-00108-CV-W-FJG
                                 )
AMERICAN MULTI-CINEMA, INC.,   )
                                 )
             Defendant.   )

## ORDER

Pending before the Court is Defendant's Motion to Dismiss or in the Alternative to Stay Proceedings and Compel Arbitration (Doc. No. 16).

## I.    Background

On December 9, 2008, plaintiff, Walsh, filed the present suit in Jackson County, Missouri. Plaintiff filed five counts against defendant, alleging: (I) Breach of Contract, (II) Promissory Estoppel, (III) Negligent Misrepresentation/Negligent Inducement, (IV) Equitable Estoppel, and (V) Rescission of Contract.

Plaintiff is a former executive level employee of defendant, whose employment ended on August 17, 2007. As part of his compensation package, plaintiff was enrolled in defendant's Supplemental Executive Retirement Plan ("SERP"). Walsh is challenging defendant's alleged failure to pay a lump sum payment in the amount of $224,860.00 under the SERP. The parties entered into a Separation Agreement on November 14, 2007. Plaintiff claims he entered into the Separation Agreement, in which he waived various rights, due to detrimental reliance on defendant's representations that plaintiff would receive the lump sum payment.

On February 6, 2009, defendant, American Multi-Cinema ("AMC"), filed a notice of removal, arguing this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1441. On September 9, 2009, defendant filed the instant Motion to Dismiss or in the Alternative Stay Proceedings and Compel Arbitration (Doc. No. 16), which is now ripe for ruling.

## II.    Discussion

Defendant argues the Court lacks subject matter jurisdiction because the Separation Agreement includes a broad arbitration clause that is both enforceable and encompasses plaintiff's claims in dispute.  Defendant's theory is that since Walsh contractually agreed to submit this dispute to arbitration, he cannot prove any set of facts in support of his claims that would warrant relief in federal court.  Thus, defendant argues, the motion to dismiss should be granted because this Court lacks jurisdiction.

Plaintiff responds that this Court does have subject matter jurisdiction because the arbitration clause of the Separation Agreement is unenforceable.  Plaintiff claims the arbitration clause should not be enforced because he was misled by defendant into believing that he was entitled to the lump sum payment under the SERP, and in order to receive such benefit, plaintiff was required to enter into the Separation Agreement with defendant.  Thus, plaintiff effectively claims the arbitration provision is invalid because he entered into the underlying contract on allegedly false premises.  Notably, plaintiff does not challenge defendant's assertion that the arbitration clause, if valid, encompasses this dispute.

The parties' agreement to arbitrate is governed by the Federal Arbitration Act ("FAA"). 9 U.S.C.  § 1, *et seq.*  Where parties have chosen to resolve their disputes

2

through arbitration, the FAA "mandates the district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Pro Tech Industries, Inc. V. URS Corp, 377 F.3d 868, 871 (8th Cir. 2004) (citing Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985)). A court's role under the FAA is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute. Id. (citing Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 6801 (8th Cir. 2001)).

As to the validity of the agreement to arbitrate, the Supreme Court held in Prima Paint Corp. V. Flood & Conklin Manufacturing Co., that courts must enforce an arbitration clause where a party alleges it entered into the underlying contract by fraud in the inducement. 388 U.S. 395, 403-04 (1967). Affirming this rule, the Court stated in Buckeye Check Cashing, Inc. V. Cardegna, that under the FAA, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." 546 U.S. 440, 449 (2006).

In the instant case, the Court agrees with defendant that the arbitration clause is valid and enforceable. Plaintiff's claims that he entered into the Separation Agreement due to defendant's misrepresentations do not render the arbitration clause unenforceable. In order for the Court to find the arbitration provision unenforceable, there must be an allegation that the party was fraudulently induced to include the arbitration clause itself in the contract. Prima Paint, 388 U.S. at 403-04. Here, plaintiff does not allege he was fraudulently induced to include the arbitration provision in the contract.

The second question is more difficult, as it deals with whether the arbitration

3

clause in the Separation Agreement encompasses the dispute. The arbitration clause states the parties agree to arbitrate, "[a]ny legal dispute related to this Agreement and/or any claim related to this Agreement, or breach thereof, shall, in lieu of being submitted to a court of law, be submitted to arbitration . . . ." (Doc. No. 17, Ex. A). The language makes clear the broad scope of the arbitration clause.

The Court finds Counts II-V, which are the claims of promissory estoppel, negligent misrepresentation/inducement, equitable estoppel, and rescission of contract, fall comfortably within the scope of the arbitration clause. Common amongst these counts is plaintiff's claim of detrimental reliance upon defendant's representation that plaintiff would receive a distribution of benefits under the SERP, which caused him to enter into the Separation Agreement. Therefore, these are claims "related to" the Separation Agreement and shall be resolved through arbitration.

In Count I plaintiff claims defendant, "altered, modified, and/or amended the SERP terms with respect to Plaintiff's eligibility under the program," such that despite fulfilling his obligations under the SERP, he has not received the lump sum distribution in the amount of $224,860.000. This breach of contract claim deals directly with the interpretation and application of the SERP, and has no direct relation to the Separation Agreement. However, the Court is mindful that the FAA sets forth a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp.*, 460 U.S. 1, 24 (1983). The Eight Circuit has stated:

> Where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *Doubts should be resolved in favor of coverage.*

Daniel Cons. Co., Div. Of Daniel Intern. Corp. V. Local 257, Intern. Broth. Of Elec. Workers, AFL, 856 F.2d 1174, 1182 (8th Cir. 1988) (citing International Ass'n of Machinists and Aerospace Workers, Dist. Lodge No. 19 v. Soo Line Railroad Co., 850 F.2d 368, 381 (8th Cir. 1988) (en banc)).

Thus, the Court considers the broad scope of the arbitration clause and the strong policy in favor of resolving doubt in favor of arbitration, and finds the breach of contract claim is sufficiently related to the Separation Agreement, and interdependent with the other claims, to be encompassed in the arbitration clause.

## III.     Conclusion

For these reasons, the Court **GRANTS IN PART** defendant's Motion to Dismiss, or in the Alternative, to Stay Proceedings and Compel Arbitration.  It is **ORDERED** that proceedings in this case are stayed until (1) the arbitrator concludes one or more of plaintiff's claims are not arbitrable, or (2) the arbitrator issues a ruling that one or both parties wish to have confirmed.  It is further **ORDERED** that the parties shall file a Joint Status Report on or before **March 25, 2010**, or at such time as the arbitration proceeding is concluded, whichever is earlier.

**IT IS SO ORDERED.**


Date:   10/29/09                                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                              Fernando J. Gaitan, Jr.
                                                   Chief United States District Judge